FILED

CLERK OF COURT

2025 MAY -2 PM 1:25

SUPERIOR COURT

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | Criminal Case No. CF0194-23 |
| | GPD Report No. 23-07874 |
| v. | |
| | DECISION AND ORDER |
| ERIC JOHN TECHAIRA CANOVAS, | DENYING DEFENDANT'S MOTION |
| DOB: 08/17/1995 | TO TAKE PLEA AND REDUCE |
| | SENTENCE |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on September 27, 2024 for hearing on Eric John Techaira Canovas's ("Defendant's") Motion to Take Plea and Reduce Sentence ("Motion"). Assistant Attorney General Jacob Wagner represents the People, and Attorney Randall Cunliffe represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** Defendant's Motion.

## BACKGROUND

Defendant is indicted on the following charges: (1) Importation of a Schedule II Controlled Substance (as a 1st Degree Felony), (2) Possession of a Schedule II Controlled Substance with Intent to Deliver (as a 1st Degree Felony), and (3) Possession of a Schedule II Controlled Substance (as a 3rd Degree Felony). See Indictment (Apr. 6, 2023). The charges stem from a March 19, 2023 incident when Customs Officers allegedly found thirty-seven (37) Oxycodone pills in a UPS Express package addressed to Defendant. See Magistrate's Complaint (Mar. 23, 2023). Defendant informed the Customers Officers that he intended to give fifteen (15) to twenty (20) of the Oxycodone pills to another individual as repayment for a previous drug debt. Id.

On August 30, 2024, Defendant filed his Motion to Take Plea and Reduce Sentence ("Motion"). Defendant requests that should he plead guilty to either Charge One: Importation of a Schedule II Controlled Substance (as a 1st Degree Felony) or Charge Two: Possession of a Schedule II Controlled Substance with Intent to Deliver (as a 1st Degree Felony), the Court should immediately

Decision and Order Denying Defendant's Motion to Take Plea and Reduce Sentence
CF0194-23, *People of Guam v. Eric John Techaira Canovas*
Page 1 of 4

reduce those charges to Possession of a Schedule II Controlled Substance (as a 3rd Degree Felony). See Motion at 6-7 (Aug. 30, 2024). Alternatively, Defendant requests that should he be convicted of either Charge One or Charge Two without successfully reducing the charges, the accompanying minimum term of imprisonment not be applied because any criminal acts were primarily done to satisfy his opioid addiction. Id. at 5-6.

On September 13, 2024, the People filed their Response to Defendant's Motion ("Response"). The People called Defendant's Motion untimely, believing any deviations from the minimum incarceration terms can only be ordered at sentencing. See Response at 2-3 (Sep. 13, 2024).

On September 19, 2024, Defendant filed his Reply to Response ("Reply"). Defendant pointed out how this same procedural issue is currently on appeal in CF0203-20 (*People v. Michael Rosal, Jr.*), and suggested the Court await the *Rosal* decision before issuing this Decision & Order. See Reply at 1-2 (Sep. 19, 2024).

The Court held a hearing on September 27, 2024. After hearing the arguments of the parties, the Court took the matter under advisement.

### DISCUSSION

**I.    It is premature to reduce Charges One and Two because Defendant has not yet been convicted of either offense.**

Defendant first requests that the Court invoke 9 G.C.A. § 80.22 and reduce Charges One and Two down to third degree felonies. See Moton at 6-7 (Aug. 30, 2024).

9 G.C.A. § 80.22 reads as follows:

> If, *when a person has been convicted of an offense*, the court, having regard to the nature and circumstances of the offense and to the history and character of the offender, is of the view that it would be unduly harsh to sentence the offender in accordance with the code, the court may enter judgment for a lesser included offense and impose sentence accordingly.

See 9 G.C.A. § 80.22 (emphasis added).

This section makes clear that before the Court can reduce an offense, the Defendant must have already been convicted of that offense. Defendant has not yet been convicted of either Charge One or Charge Two, so his requests to reduce those offenses are premature. Defendant will have an

Decision and Order Denying Defendant's Motion to Take Plea and Reduce Sentence
CF0194-23, *People of Guam v. Eric John Techaira Canovas*
Page 2 of 4

opportunity to present mitigating factors surrounding the offense and himself for the Court's consideration and possible reduction, but this should be done in the Sentencing Memorandum.

**II.     It is premature to deviate from the minimum incarceration terms imposed by Charges One and Two because Defendant has not yet been convicted of either offense.**

Defendant next requests the Court's assurances that it won't apply the minimum incarceration terms typical of a Charge One or Two conviction. <u>See</u> Moton at 5-6 (Aug. 30, 2024).

Both Charge One: Importation of a Schedule II Controlled Substance (as a 1st Degree Felony) and Charge Two: Possession of a Schedule II Controlled Substance with Intent to Deliver (as a 1st Degree Felony) carry sentences of twenty (20) to thirty (30) years imprisonment. <u>See</u> 9 G.C.A. §§ 67.401.4(a) & 67.401.9(b)(1). However, the "minimum term of imprisonment … shall not apply in the case of a person whom the Court determines violated" the law "for the primary purpose of enabling him to obtain a narcotic drug which he requires for his personal use because of his addiction to such drug." <u>See</u> 9 G.C.A. §§ 67.401.4(d) & 67.401.9(c). "The Court shall take into consideration the amount of the controlled substance imported in determining if the offender's primary purpose is importation … for his own use." <u>See</u> 9 G.C.A. § 67.401.9(c).

These statutes regarding minimum prison terms clearly and explicitly instruct the Court (rather than a jury) to determine the Defendant's primary purpose in violating the law. This determination should occur in the regular course of sentencing because the statutes do not expressly authorize a separate evidentiary hearing.

When a sentence is not already agreed upon by the Defendant and the People of Guam, the Probation Services Office typically conducts a Pre-Sentence Investigation and generates a Pre-Sentence Report. The People and Defendant can then state any objections to the Court, prepare their own Sentencing Memorandums, and offer evidence at the Sentencing Hearing, to include testimony

Decision and Order Denying Defendant's Motion to Take Plea and Reduce Sentence
CF0194-23, *People of Guam v. Eric John Techaira Canovas*
Page 3 of 4

of the affected parties. It is within this process that the Court should make its determination of the applicability of 9 G.C.A. §§ 67.401.4(d) & 67.401.9(c).

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion as premature. This decision, however, does not preclude Defendant from subsequently moving the Court for a reduction of charges or their associated incarceration periods during the sentencing phase.

**IT IS SO ORDERED** this     May 2, 2025

_____

**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
Copy of the original was e-mailed to
_AG, Cunliffe_

_____

Date _5/2/25_ Time _1:42p_
_Albert Calderon_
Deputy clerk, Superior Court of Guam

Decision and Order Denying Defendant's Motion to Take Plea and Reduce Sentence
CF0194-23, *People of Guam v. Eric John Techaira Canovas*
Page 4 of 4